UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lennel Bolden and Geraldine Bolden, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12-CV-01440 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| United States; Commissioner of the Internal | ) | |
| Revenue Service; Department of the | ) | |
| Treasury; Social Security Administration; | ) | |
| and Northern Trust Bank, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs Lennel and Geraldine Bolden allege that the United States, the Commissioner of the Internal Revenue Service, the Department of the Treasury, and the Social Security Administration (collectively, the Federal Defendants), have been wrongfully withholding tax refunds and subjecting them to liens and levies, including on their Social Security benefits. Their *pro se* complaint [R. 1] also alleges that Northern Trust Bank wrongfully imposed tax levies upon them. For these alleged harms, the Boldens seek actual and punitive damages. The Federal Defendants move to dismiss the complaint [R. 13] for lack of subject matter jurisdiction, or alternatively for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Northern Trust also moves to dismiss [R. 19] under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, both motions are granted.

## I.

In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Ashcroft v. al-Kidd*, —— U.S. ——, 131 S. Ct. 2074, 2079 (2011). The Boldens' *pro se* complaint appears to allege that IRS employees, over a length of time dating back to the 1994 tax year, wrongfully withheld tax refunds and placed liens on their Social Security benefits. *See, e.g.*, R. 1, Compl. ¶¶ 4, 6, 11, 13. The Boldens claim that IRS employees mistakenly or deliberately read entries in the Boldens' tax statement ledgers as debits, when they were in fact credits. *See id.* ¶¶ 1-2. Moreover, Northern Trust Bank wrongfully withheld money from the Boldens' assets after being commissioned to do so by the IRS. *See id.* ¶ 8; R. 1-1, Pls.' Exhs. at 18. Finally, the Boldens appear to allege that the Federal Defendants' actions violated the Thirteenth Amendment, the Age Discrimination Act of 1975, and Title I of the Americans with Disabilities Act. *See* Compl. at 11, 12, 13.

## II.

Federal Rule of Civil Procedure 12(b)(1) provides the procedural vehicle by which the defendant may move a federal court to dismiss a claim or suit on the ground that the court lacks jurisdiction. See Fed. R. Civ. P. 12(b)(1); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under the laws of the United States within the meaning of § 1331 only when the claim for relief depends in some way on federal law as stated

in a well-pleaded complaint, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). The plaintiff bears the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

Additionally, under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption

5

of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79. In considering a motion to dismiss, a court may review exhibits attached to the complaint without converting the motion to one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

## III.

The Federal Defendants move to dismiss the complaint, asserting that the Court does not have jurisdiction to hear the suit because of federal sovereign immunity. They also argue that the Court does not have jurisdiction to provide monetary damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and under Internal Revenue Code (IRC) § 7433. For its part, Northern Trust moves to dismiss on grounds of statutory immunity. The Court will consider each argument in turn.

## A.

## 1.

The Federal Defendants first contend that sovereign immunity bars the Court from exercising subject matter jurisdiction over this case, even assuming the complaint plausibly pleads an action for a tax refund. The Court agrees. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Although the federal government may waive sovereign immunity, any such waiver must be unequivocally expressed. *See, e.g.*, *United States v. Testan*, 424 U.S. 392, 399 (1976). Once this waiver is unequivocally expressed, the government has the power to attach conditions to its consent to be sued. *Kuznitsky v. United States*, 17 F.3d 1029, 1031 (7th Cir. 1994). The conditions of this

consent delimit the scope of a district court's jurisdiction. *See, e.g., Bartley v. United States*, 123 F.3d 466, 467 (7th Cir. 1997).

When a party sues the United States and its agencies for a tax refund, as the Boldens appear to do, it is true that the United States has consented to a suit—but the government has imposed conditions on its consent. *Bartley*, 123 F.3d at 468. Before a suit for a tax refund can be filed in district court, I.R.C. § 7422(a) requires that the taxpayer file an administrative tax refund claim with the IRS. *See* 26 U.S.C. § 7422(a); *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996); *Greene-Thapedi v. United States*, 549 F.3d 530, 532 (7th Cir. 2008). The taxpayer must file this claim within the appropriate time period prescribed in I.R.C. § 6511, which provides:

> [A] [c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

Thus, if the taxpayer fails to file such a claim within the § 6511(a) statute of limitations, a district court lacks jurisdiction to entertain the suit. *Kuznitsky*, 17 F.3d at 1031. Here, the Boldens' complaint, even construed liberally, does not plead that they filed a claim with the IRS at all, much less within the § 6511(a) statute of limitations.[1] This statute of limitations forecloses administrative claims on the vast

---

[1]When reading their complaint as expansively as possible, the Court could conceivably construe the Boldens' attachment of their 2006 litigation in United States Tax Court as an exhibit to their complaint as an attempt to plea that they have filed an administrative tax refund claim with the IRS. *See* R. 1-1, Pls.' Exhs. at 21-25. Yet even in that scenario, litigation

majority of the tax years they include in their complaint—some dating back to 1994, others to 1986, *see* Compl. ¶¶ 13, 18—even if they were to file a claim now. Because the Boldens have not satisfied the necessary statutory prerequisites before suing for a tax refund, the Court lacks jurisdiction over this suit against the Federal Defendants.

**2.**

Alternatively, the Federal Defendants argue that, at the very least, the Court lacks jurisdiction to award money damages for injuries stemming from government tax collection efforts. The Federal Defendants point to two specific statutes that might allow the Boldens to pursue money damages in addition to a tax refund: the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*, and I.R.C. § 7433. The FTCA waives the sovereign immunity of the United States, making it as liable in tort as a "private individual under like circumstances." 28 U.S.C. § 2674; *Clark v. United States*, 326 F.3d 911, 913 (7th Cir. 2003). According to the Federal Defendants, if the statutory prerequisites are not satisfied, or the asserted claims are not authorized by the FTCA, then there is no jurisdiction. It is not clear, however, that a failure to state an FTCA claim equates to a lack of subject matter jurisdiction (it would still require dismissal for failure to state a claim, just not on jurisdictional grounds). *See Collins v. United States*, 564 F.3d 833, 837 (7th Cir. 2009) ("[T]he cases that hold that defenses to the government's liability under the Tort Claims Act are jurisdictional . . . treat it as an

---

in United States Tax Court does not satisfy the IRS's administrative requirements. *See* Treas. Reg. §§ 301.6402-2; 301.7402-3; *see also Bartley*, 123 F.3d at 468 (specifying several specific administrative requirements).

automatic corollary of the Act's constituting a waiver of the federal government's sovereign immunity from suit. We cannot see what that has to do with jurisdiction."); *Clark*, 326 F.3d at 913 ("[R]ecent authority from this circuit suggests that the district court's treatment of the [28 U.S.C. § 2680(c) tax assessment or collection] exception as 'jurisdictional,' rather than an aspect of [plaintiff's] statutory right to relief, might not have been technically correct."). If that is so, this Court should consider their motion to dismiss under Federal Rule of Procedure 12(b)(6) rather than 12(b)(1).

Either way, the Boldens cannot avail themselves of the FTCA here. The FTCA incorporates several exceptions to its waiver of sovereign immunity. Under one of these exceptions, the government is immune from liability for "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). In their complaint, the Boldens allege harassment by IRS employees and wrongful levies "[u]nder the guise of [t]ax [c]ollections." *See* Compl. ¶¶ 4, 13, 15. Even assuming, without deciding, that this collection activity was beyond the normal scope of authority and amounted to tortious conduct, this claim falls within the § 2680(c) exemption. *Clark*, 326 F.3d at 913-14 (collecting cases and noting that "a wide range of activity by the IRS 'arises in respect of' its collection or assessment of taxes"); *Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975) (harassment, intimidation, and unlawful levies upon property are exempted by § 2680(c)). Thus, regardless of whether the Boldens' complaint must be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted, the result is the same: the Boldens cannot sue for money damages under the FTCA.

9

Similarly, I.R.C. § 7433 waives sovereign immunity for claims that IRS employees "recklessly or intentionally . . . disregard[ed] any provision of [the Internal Revenue Code]" in "connection with any collection of Federal tax with respect to a taxpayer." 26 U.S.C. § 7433(a). Any harm suffered must relate to the manner of federal tax collection, not the assessment. *Sylvester v. United States*, 978 F. Supp. 1186, 1189 (E.D. Wis. 1997).

If the Federal Defendants are correct that § 7433 also presents a jurisdictional threshold, then the Court lacks jurisdiction to award money damages under this statute. The Boldens allege that the IRS's wrongful tax levies stemmed from accounting errors: reading credits as debits. *See* Compl. ¶¶ 1, 2, 14. These accounting errors are errors in tax assessment, not tax collection, and are exempt from the waiver of sovereign immunity in § 7433. *See Sylvester*, 978 F. Supp. at 1189. More importantly, § 7433 requires that the plaintiff exhaust administrative remedies before filing suit. *See* Treas. Reg. § 301.7433-1(d). The Boldens have not alleged that they have exhausted their administrative remedies by, for example, filing an administrative claim with the IRS's Area Director that describes the taxpayer's injuries and the grounds for the claim. *See* Treas. Reg. § 301.7433-1(e). As a consequence, this Court would not have subject matter jurisdiction over any claim by the Boldens under § 7433 (assuming that the Federal Defendants are correct that a failure to satisfy § 7433 equates to a lack of jurisdiction).

Even if the Court has subject matter jurisdiction over claims under § 7433, the Boldens still do not state a claim upon which relief can be granted. In that situation,

10

the Boldens need not plead that they filed an administrative claim with the IRS: administrative exhaustion is an affirmative defense that does not need to appear on the face of the complaint. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 212 (2007) (noting, in the context of the Prison Litigation Reform Act, that "the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense"); *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) ("Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit in federal court; rather, it is an affirmative defense akin to administrative exhaustion."). But the Boldens have not made this argument in their response brief [R. 25]. By not responding at all to the Federal Defendants' contention that they have not exhausted their administrative remedies, the Boldens have effectively conceded the point.[2] *See Portillo-Rendon v. Holder*, 662 F.3d 815, 817 (7th Cir. 2011). Plus, their complaint would still have the same defect discussed above: it pleads that the IRS wrongfully assessed taxes and not collected them, which is a claim that is exempt from § 7433's waiver of sovereign immunity. Accordingly, even if the Court has subject matter jurisdiction over a § 7433 claim here, the Boldens' complaint does not entitle them to relief either. The Federal Defendants' motion to dismiss is granted.

**3.**

---

[2]When reading their complaint as expansively as possible, the Court could conceivably construe the Boldens' attachment of their 2006 litigation in United States Tax Court as an exhibit to their complaint as an attempt to plea that they have exhausted their administrative remedies. *See* R. 1-1, Pls.' Exhs. at 21-25. Yet even in that scenario, the Boldens have not plausibly alleged that they have met the § 7433 administrative exhaustion requirements. *See* Treas. Reg. § 301.7433-1(e).

The Boldens' complaint, read as liberally as possible, arguably makes several other claims against the Federal Defendants. None of them have merit. First, the Boldens plead that this alleged wrongful taxation places them in involuntary servitude in violation of the Thirteenth Amendment. *See, e.g.*, Compl. at 11. But the Thirteenth Amendment "was intended to cover those forms of *compulsory labor* akin to African slavery which, in practical operation, would tend to produce like undesirable results." *Butler v. Perry*, 240 U.S. 328, 332 (1996) (emphasis added); *see also Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 n.4 (7th Cir. 1984) ("Plaintiffs argue . . . that withholding constitutes a form of involuntary servitude under the 13th Amendment . . . . Every court that has considered any of these claims has found them to be without merit.").

Second, the Boldens allege that the Federal Defendants' actions violate the Age Discrimination Act of 1975, *see* Compl. at 12, which prohibits age discrimination by any program receiving federal financial assistance. 42 U.S.C. § 6102. Even if the Boldens had provided the government the statutorily required notice, *see* 42 U.S.C. § 6104(e)(1), the Act does not apply to federal agencies implementing federal programs. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 75-76 (2d Cir. 2008).

Finally, the Boldens allege violations of Title I of the Americans with Disabilities Act. *See* Compl. at 12. Title I prohibits discrimination on the basis of disability with respect to the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Even if the Boldens had pled that they were employed by the federal government or attempted to become employed by the federal government—and they do not—the

federal government is not an "employer" for purposes of Title I. *See* 42 U.S.C. § 12111(5)(B)(i). Accordingly, the Federal Defendants' motion to dismiss [R. 13] is granted.

**B.**

Northern Trust also moves to dismiss. It asserts that Northern Trust, as a bank complying with an IRS Notice of Levy upon the Boldens, is statutorily immune under I.R.C. § 6332. This provision of the Internal Revenue Code commands that a bank or any other custodian of a taxpayer's property, upon demand of the IRS, surrender the property to the IRS. 26 U.S.C. § 6332(a). Once the IRS serves a Notice of Levy on a bank, it has a legal obligation under § 6332(a) to turn the taxpayer's funds over to the IRS. *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996). Indeed, a bank served with a Notice of Levy "has two, and only two, possible defenses for failure to comply with the demand: that it is not in possession of property of the taxpayer, or that the property is subject to a prior judicial attachment or execution." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 727 (1985). Once the custodian honors the Notice of Levy, it is "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e).

In their complaint, the Boldens allege that the IRS commissioned Northern Trust to withhold money from their assets. *See* Compl. ¶ 8. In support of this allegation, they attach the November 16, 2009 Notice of Levy from the IRS to Northern Trust. *See* R. 1-1, Pls.' Exhs. at 18. A Notice of Levy is all that is required for the IRS

13

to gain possession of the property. *See, e.g.*, *Pawlowske v. Chrysler Corp.*, 623 F. Supp. 569, 570 (N.D. Ill. 1985). Thus, because the Boldens themselves allege that the IRS levied upon their assets and that Northern Trust surrendered their funds in response to the levy, Northern Trust is statutorily immune from liability to the Boldens.[3] 26 U.S.C. § 6332(e); *Moore*, 91 F.3d at 851. Northern Trust's motion to dismiss is granted.

## IV.

For the reasons discussed above, the Court grants Defendants' motions to dismiss [R. 13, R. 19].

ENTERED:

Honorable Edmond E. Chang
United States District Judge

DATE: January 31, 2013

---

[3]Even if the Boldens' complaint can be construed as alleging that Northern Trust committed state-law torts in the process of complying with the IRS Notice of Levy, Northern Trust would still be immune. *See, e.g.*, *McKeown v. LTV Steel Co.*, 117 F.R.D. 139, 142 (N.D. Ind. 1987).